IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRY MCCARTY, :
    Plaintiff, : 1:17-cv-2186
:
v. : Hon. John E. Jones III
:
WARDEN TOM MCGINLEY, C. :
HEDRAY, :
    Defendants. :

**MEMORANDUM**

**December 1, 2017**

Plaintiff, Terry McCarty ("McCarty"), a state inmate incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on November 29, 2017, naming as defendants Warden Tom McGinley and C. Hedray. (Doc. 1). He seeks to proceed *in forma pauperis*. (Docs. 2, 6).

For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.    **STANDARDS OF REVIEW**

Section 1915(e)(2)(B)(ii), which pertains to *in forma pauperis* proceedings states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for

is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. ALLEGATIONS OF THE COMPLAINT

McCarty alleges, *in toto*, as follows:

> On or about 09/04/2017, while working in prison Kitchen, at apprx. 6:30 PM while on my knees at the sink in Dishroom #1, I was in the process of assisting another inmate, INMATE HERSHBURGER, with the proper alignment of his buttons on his pants. At about that time,

> C. HEDRAY, did suddenly appear, and did surprise and startle both myself and HURSHBURGER, causing myself to leap to my feet. HEDRAY then did question me of whether I was attempting to perform oral sex (fellatio) on HERSHBURGER to which I did reply "I'm not gay."
>
> HEDRAY then threatened me with a misconduct report for sexual misconduct and inappropriate touching, however, no misconduct report was issued due to lack of evidence. As result, I am emotional and mentally disturbed, and was harassed by HEDRAY.

(Doc. 1, pp. 2, 3).

He seeks monetary damages, injunctive relief , costs and attorney's fees.

## III. <u>DISCUSSION</u>

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by

3

a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

McCarty alleges that Defendant Hedray verbally harassed him. Assuming this is true, it is well-settled that the use of words, no matter how violent or harsh, do not amount to a violation of the prisoner's civil rights by the officer. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation under § 1983) *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973). *See also Lewis v. Wetzel*, 153 F. Supp. 2d 678 (M.D. Pa. 2015); *Hawkins v. Brooks*, 694 F. Supp. 2d 434 (W.D. Pa. 2010); *MacLean v. Secor*, 876 F. Supp. 695, 698–99 (E.D. Pa. 1995) ("[i]t is well-established that verbal harassment or threats will not, without some reinforcing act accompanying them, state a constitutional claim"). Accordingly, McCarty's claim of verbal harassment fails to state a cognizable constitutional claim.

Additionally, McCarty merely alleges that he suffered emotional harm. (Doc. 1, p. 3). The Prison Litigation Reform Act prohibits recovery of damages for mental and emotional injuries absent a showing of physical injury. 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 535-36 (3d Cir. 2003) (requiring more than *de minimis* physical injury as predicate to allegation of emotional injury).

Based on the above, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. **LEAVE TO AMEND**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED.R.CIV.P. 15(a)(2). Affording plaintiff an opportunity to amend would clearly be futile given the facts presented and the harm allegedly suffered.

## V. **CONCLUSION**

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will enter.